James R. Touchstone, Esq., SBN 184584
jrt@jones-mayer.com
Marina Samson, Esq., SBN 315024
ms@jones-mayer.com
JONES MAYER
3777 North Harbor Boulevard
Fullerton, CA 92835
Telephone:  (714) 446-1400
Facsimile:  (714) 446-1448

Attorneys for Defendant
CITY OF FULLERTON

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| WON CHU;<br><br>        Plaintiff,<br><br>    vs.<br><br>CITY OF FULLERTON,<br><br>        Defendant. | Case No:<br><br>**NOTICE OF REMOVAL**<br><br>[Filed concurrently herewith:<br>(1) Certification of Interested<br>Parties.] |

-1-
NOTICE OF REMOVAL

**TO THE CLERK OF THE ABOVE-CAPTIONED COURT:**

PLEASE TAKE NOTICE that Defendant CITY OF FULLERTON, hereby removes to this District Court the state-court action described below.

1.      On June 8, 2026, this action commenced in the Superior Court of the State of California in and for the County of Orange entitled *WON CHU., Plaintiff, vs. CITY OF FULLERTON, Defendant*. The suit was assigned case number 30-2026-01575731-CU-CR-CJC by the Orange County Superior Court Superior Court.  A true and correct copy of the Complaint is attached hereto as Exhibit "A."

2.      The first date upon which Defendant received a copy of said Complaint was June 15, 2026, when a copy of the Complaint was served on the City Clerk's Office along with a Summons from the state court. A true and correct copy of the state court Summons is attached hereto as Exhibit "B."

3.      Along with the Summons and Complaint, this removing Defendant also received the following document from Plaintiff Civil Case Cover Sheet. A true and correct copy of which is attached hereto as Exhibit "C."  The Summons, Complaint, and Civil Case Cover Sheet are the only papers that have been served on Defendants in the state court action.  To the best of the undersigned's knowledge, these are the only papers filed with the state court.

4.      This action is a civil action in which this Court has original jurisdiction under 28 U.S.C. § 1331 and removal jurisdiction under 28 U.S.C. § 1441(b) in that it arises under 42 U.S.C. § 1983.  See Compl. at 1:3-4; 2:5-16-9; and 3:17-6:15.

5.      The Defendant who herein removes this case is the only named Defendant in this action.

6. Concurrent with the filing of this Notice of Removal, a Notice to State Court and Adverse Party of Removal to Federal Court is being filed with the state court and served on Plaintiff's counsel. A true and correct copy of that Notice with proof of service thereof is attached hereto as Exhibit "D."

Dated: July 15, 2026

Respectfully submitted,

JONES MAYER

By:/s/*James R. Touchstone*
JAMES R. TOUCHSTONE
MARINA SAMSON
Attorneys for Defendant
CITY OF FULLERTON

**EXHIBIT A**

Won Chu
13204 Lisburn Place
La Mirada, CA 90638
Tel: (626) 465-6164
Email: chuscoin@hotmail.com
Plaintiff, In Pro Per

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

**JUN 08 2026**

DAVID H. YAMASAKI, Clerk of the Court

BY:_____,DEPUTY

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF ORANGE

CENTRAL JUSTICE CENTER

In Re: The Matter of )
)
WON CHU, ) Case No.: 25NM07817 ~ WC 0 1 5 7 5 7 3 1
)
Plaintiff / Petitioner, ) **COMPLAINT OF AMERICANS WITH**
) **DISABILITIES ACT AND PRISON RAPE**
) **ELIMINATION ACT**
vs. ) CITY OF FULLERTON )
) MANSSOURIAN
FULLERTON POLICE DEPARTMENT, ) Assigned for All Purposes
)
Defendant / Respondent. )

30-2026

Plaintiff, Won Chu, alleges as follows:

**PARTIES**

1. Plaintiff is a resident of the City of La Mirada, located at 13204 Lisburn Place, La Mirada, California 90638, in Los Angeles County, State of California.

2. Defendant is the Fullerton Police Department, a municipal entity, located at 237 Commonwealth Avenue, Fullerton, California 92832, in the City of Fullerton, Orange County, State of California.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction pursuant to 28 U.S.C. § 84.

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because the events alleged herein occurred within this judicial district.

-1-

## FACTS

5.      Plaintiff, Won Chu, is a 64-year-old Chinese-American male of Asian descent, born on August 9, 1961, and currently resides in the City of La Mirada, Los Angeles County, California. Plaintiff is a retired police officer from the Los Angeles Police Department, having faithfully served the community from February 4, 1985, to February 17, 2017.

6.      Plaintiff retired after suffering a sudden stroke while on duty and subsequently experienced a second stroke in 2021. As a result, Plaintiff remains under the care of a neurologist and follows a strict medical regimen, taking prescribed medications three times daily to prevent further strokes, blackouts, and seizures.

7.      As a retired law enforcement officer, Plaintiff possesses a professional understanding of the duty of care and recognizes that officers are bound by strict conduct standards and policy mandates requiring adherence to the highest ethical and legal obligations.

8.      On or about June 18, 2025, at approximately 1900 hours, Plaintiff was detained at the Fullerton Police Department in connection with an unrelated matter. During this time at the police department, Plaintiff alleges that violations of the Americans with Disabilities Act (ADA) and the Prison Rape Elimination Act (PREA) occurred.

## FIRST CLAIM FOR RELIEF

## AMERICANS WITH DISABILITIES ACT VIOLATIONS, RACIAL AND AGE DISCRIMINATION

9.      On September 11, 2016, Plaintiff suffered a stroke while working. Following the stroke, during the period from 2016 to 2019, Plaintiff experienced significant mobility challenges that required continuous assistance and ongoing medical and physical accommodations. As a result of these limitations, Plaintiff is protected under the Americans with Disabilities Act (ADA).

Current Impairment

10.      Following the stroke, Plaintiff experienced long-lasting physical and cognitive impacts that substantially affect major life activities. Plaintiff lives with a neurological condition resulting in left-side paralysis, speech difficulties, and memory loss, and is unable to operate a motor vehicle.

Record of Impairment

11.     Following the stroke, Plaintiff has a documented history of severe driving limitations that render Plaintiff currently uninsurable. To ensure safe transportation, Plaintiff now employs a private driver for all daily errands and travel.

Regarded as Impaired

12.     Following Plaintiff's stroke, Plaintiff retired from the Los Angeles Police Department. Plaintiff subsequently pursued certification as a fitness trainer to align with Plaintiff's interest in health and sought opportunities to apply these skills. However, during an interview at a health club, Plaintiff experienced a medical episode involving unconsciousness. Thereafter, Plaintiff was viewed as a liability, resulting in the termination of employment as a fitness trainer and the denial of opportunities in roles such as security or diving.

13.     This situation arises from Plaintiff's prior stroke, compounded by frequent medical treatment, reliance on multiple medications, and ongoing neurological conditions characterized by seizures and blackouts. These impairments have required continuous medical care and have significantly impacted Plaintiff's ability to maintain employment.

**Discrimination Under The Ada**

14.     Plaintiff is an individual with a qualified disability under the Americans with Disabilities Act (ADA), as amended. While Plaintiff was detained by the Fullerton Police Department, Plaintiff repeatedly requested reasonable accommodations due to Plaintiff's disability; however, each request was denied.

15.     Under Title II of the Americans with Disabilities Act, public entities, including law enforcement agencies, are prohibited from discriminating against individuals with disabilities.

16.     On June 18, 2025, Plaintiff was detained by the Fullerton Police Department at Plaintiff's residence. Plaintiff was handcuffed behind the back and forced to remain standing in front of the residence for over an hour during what Plaintiff contends was a prolonged investigative detention and de facto arrest without probable cause.

17.     Because the detention occurred in public view, Plaintiff suffered embarrassment and emotional distress as neighbors observed and discussed the incident.

-3-

18.    Despite the Fullerton Police Department's awareness of Plaintiff's pre-existing physical condition, officers and supervising personnel allegedly refused reasonable accommodation by denying Plaintiff's request to sit. The prolonged standing caused significant pain and restricted mobility, which contributed to officers forming an incorrect perception that Plaintiff was intoxicated.

**An Unlawful Escalation Of The Situation**

19.    Plaintiff contends that the application of rigid handcuffs behind Plaintiff's back, combined with being forced to remain standing in an acutely uncomfortable position for over an hour, constituted a disproportionate use of force relative to the duration of the detention. Plaintiff alleges that this extended restraint was punitive in nature rather than necessary for safety.

20.    Furthermore, Plaintiff's requests for basic accommodations, including water and a seat, were denied, resulting in exhaustion and impaired mobility. Upon arrival at the Fullerton Police Department (FPD), Plaintiff observed discriminatory remarks, including alleged racial and age-based slurs from a jailer, which Plaintiff promptly reported to a supervisor. Plaintiff further observed that the jailer thereafter exhibited a retaliatory demeanor.

**Failure To Ensure Equal Access To Healthcare**

21.    While detained at the FPD jail facility, Plaintiff explicitly requested medical attention from jailers Wendy Gomez and Ramirez for severe nerve pain and difficulty walking. Despite identifying as a disabled individual, Plaintiff was allegedly denied equal access to healthcare, resulting in disparate treatment compared to non-disabled inmates.

22.    On or about June 18, 2025, at approximately 2100 hours, Plaintiff again requested medical care for an unsteady gait and persistent nerve pain in Plaintiff's back and fingers. Plaintiff alleges that this request was denied by jail staff due to administrative failure or deliberate indifference, constituting violations of both the ADA and the Fourteenth Amendment.

**Ignoring Accommodation Requests Under Section 504**

23.    Plaintiff is a qualified individual with a disability under Section 504 of the Rehabilitation Act, arising from a stroke on December 11, 2016, which has caused significant long-term physical and neurological impairments.

-4-

24.     Upon entering the FPD jail on June 18, 2025, staff were aware of Plaintiff's condition. Despite this knowledge and Plaintiff's explicit requests for necessary accommodations, jail personnel allegedly failed to respond, leaving Plaintiff without appropriate accommodations. As a direct result, Plaintiff suffered a prolonged impairment in mobility, including frequent paralysis of Plaintiff's left leg.

<strong><u>SECOND CLAIM FOR RELIEF</u></strong>

<strong><u>CIVIL RIGHTS VIOLATION AND SECTION 504 OF THE REHABILITATION ACT</u></strong>

**Failure to Provide Medical Need**

25.     On June 18, 2025, Plaintiff was detained by the Fullerton Police Department (FPD). Despite being aware of Plaintiff's post-stroke condition, frequent seizures and blackouts, and daily need for medication, FPD allegedly refused to provide Plaintiff with reasonable accommodations, including a wheelchair and necessary medication.

26.     Plaintiff contends that this deliberate indifference to Plaintiff's serious medical needs constitutes a violation of Section 504 of the Rehabilitation Act, which prohibits discrimination against individuals with disabilities in programs receiving federal funds.

<strong><u>THIRD CLAIM FOR RELIEF</u></strong>

<strong><u>PRISON RAPE ELIMINATION ACT (PREA) / HOSTILE ENVIRONMENT</u></strong>

27.     The Prison Rape Elimination Act (PREA), enacted in 2003, is a federal law designed to prevent, detect, and respond to sexual abuse and misconduct in confinement facilities, including prisons, jails, and juvenile detention centers. It mandates a zero-tolerance policy and establishes standards for prevention, reporting, and investigation.

Mandatory Audits

28.     Plaintiff alleges that FPD failed to meet its obligations under PREA by neglecting to conduct mandatory documented PREA audits, reflecting a broader failure to monitor and prevent sexual abuse within the facility.

29.     Plaintiff further alleges that this failure is demonstrated by an incident in which an opposite-sex inmate was transferred to a restroom area, and FPD supervisors refused to interview the inmate following a reported incident, in violation of PREA standards.

Confidential Reporting

30.    Plaintiff contends that FPD failed to follow required procedures for handling complaints of misconduct. Specifically, after Plaintiff notified Sergeant Hampton of a male jailer's alleged discriminatory conduct, no written complaint was generated, and the matter was addressed only through a verbal reprimand, without a formal or confidential reporting process.

31.    Plaintiff further alleges that jailer Ramirez directed a female jailer to transfer Plaintiff to a restroom area without medical assistance, urgency, or accompaniment by same-sex personnel, in violation of PREA standards and internal policy.

Protection from Retaliation

32.    Plaintiff alleges that FPD retaliated against Plaintiff after Plaintiff reported misconduct by a male jailer. A female jailer allegedly moved Plaintiff to a secluded area and initiated conduct that resulted in a false allegation of battery.

33.    Plaintiff contends that the female jailer's actions constituted retaliation intended to demonstrate loyalty to jailer Ramirez, thereby creating a hostile environment and demonstrating deliberate indifference to Plaintiff's safety.

Inmate Privacy Violations

34.    Plaintiff contends that being escorted to a restroom by an opposite-sex jailer violated FPD policy and PREA standards.

35.    Plaintiff further states that six complaints were filed regarding FPD jailer conduct—one to the Mayor of the City of Fullerton and five to FPD Internal Affairs. Plaintiff alleges that Internal Affairs concluded the conduct was "valid," and that the Chief of Police later deemed the female jailer's actions "unfounded" based on investigative findings.

## CLAIM FOR DAMAGES

WHEREFORE, Plaintiff requests damages as follows:

- Punitive damages in the amount of $500,000.00;

- Aggravated damages in the amount of $500,000.00;

- Emotional distress damages in the amount of $300,000.00;

- Pre-judgment and post-judgment interest in accordance with applicable law.

-6-

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

DATED: _____6-8-26_____                    Respectfully Submitted,

_____

-7-

**EXHIBIT B**

RECEIVED
JUN 15 2026
HUMAN RESOURCES

JUN15'26 PM 3:35

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):* CITY OF FULLERTON

**YOU ARE BEING SUED BY PLAINTIFF:** WON CHU
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

> **FOR COURT USE ONLY**
> *(SOLO PARA USO DE LA CORTE)*
>
> **FILED**
> SUPERIOR COURT OF CALIFORNIA
> COUNTY OF ORANGE
>
> **JUN 08 2026**
>
> DAVID H. YAMASAKI, Clerk of the Court
>
> BY:_____,DEPUTY

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: *(El nombre y dirección de la corte es):* SUPERIOR COURT OF CALIFORNIA COUNTY OF ORANGE | **CASE NUMBER:** *(Número del Caso):* **01575731** |

700 CIVIC CENTER DRIVE WEST. SANTA ANA. CA 92701   Assigned for All Purposes MANSSOURIAN

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
WON CHU 13204 LISBURN PLACE. LA MIRADA. CA90638  6-6.465-6164

| DATE: *(Fecha)* JUN 08 2026 | David Yamasaki | Clerk, by *(Secretario)* A. QUINTANILLA A. Qutintull | , Deputy *(Adjunto)* |
|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☐ on behalf of (specify):

   under: ☐ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courts.ca.gov

**EXHIBIT C**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY

NAME: WON CHU 13024 v-

FIRM NAME:

STREET ADDRESS: 13024 LISBURN PLACE

CITY: LA MIRALA    STATE: CA    ZIP CODE: 90638

TELEPHONE NO.: 626-465-6164    FAX NO.:

EMAIL ADDRESS: CHUS COIN @ HOT MAIL. COM

ATTORNEY FOR (name):

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF ORANGE**

STREET ADDRESS: 700 CIVIC CENTER DRIVE

MAILING ADDRESS:

CITY AND ZIP CODE: SANTA ANA, CA 92701

BRANCH NAME: CENTRAL JUSTICE CENTER

CASE NAME:

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE

**JUN 08 2026**

DAVID H. YAMASAKI, Clerk of the Court

BY:_____,DEPUTY

30-2026

| **CIVIL CASE COVER SHEET**<br>☒ **Unlimited**        ☐ **Limited**<br>(Amount                (Amount<br>demanded              demanded is<br>exceeds $35,000)    $35,000 or less) | **Complex Case Designation**<br>☐ Counter    ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CASE NUMBER:<br>**0 1 5 7 5 7 3 1**<br><br>JUDGE: MANSSOURIAN<br>DEPT.:<br>Assigned for All Purposes |
|---|---|---|

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Asbestos**
☐ Asbestos (04)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/Unfair business practice (07)
☒ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Employment Development Department (EDD)**
☐ EDD decision review (48)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.404)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Comprehensive groundwater adjudication (47)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

Judicial Council of California, courts.ca.gov
Rev. January 1, 2026, Mandatory Form
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740
Cal. Stds. Jud. Admin., std. 3.10

**Civil Case Cover Sheet**

CM-010, Page 1 of 3



CM-010

2. Is this case complex under rule 3.400 of the California Rules of Court? ☐ Yes ☒ No

If the case is complex, mark the factors requiring exceptional judicial management:

a. ☐ Large number of separately represented parties

b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve

c. ☐ Substantial amount of documentary evidence

d. ☐ Large number of witnesses

e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court

f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply):

a. ☒ monetary

b. ☐ nonmonetary; declaratory or injunctive relief

c. ☒ punitive

4. Number of causes of action (specify): 2

5. Is this case a class action suit? ☐ Yes ☒ No

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: 6-1-26 WON CHU

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**

- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.

- File this cover sheet in addition to any cover sheet required by local court rule.

- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.

- Unless this is a collections case under rule 3.740 of the California Rules of Court or a complex case, this cover sheet will be used for statistical purposes only.

---

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on pages 1 and 2. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 of the California Rules of Court is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $35,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**SEE PAGE 3 FOR INFORMATION PURPOSES ONLY.**

---

Rev. January 1, 2026        **Civil Case Cover Sheet**        CM-010, Page 2 of 3



CM-010

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/ Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*
**Asbestos**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/Wrongful Death
**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Product Liability *(not asbestos or toxic/ environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collections Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute
**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord-tenant, or foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition re Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals
**Employment Development Department (EDD)**
EDD Decision Review (48) *(if the case involves an Employment Development Department decision, check this item instead of Wrongful Termination or Other Employment)*

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Comprehensive Groundwater Adjudication (47)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister-State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only Injunctive Relief Only *(non-harassment)*
Mechanic's Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

Rev. January 1, 2026

**Civil Case Cover Sheet**

CM-010, Page 3 of 3

| Print | Save | | Clear |

**PROOF OF SERVICE**

**STATE OF CALIFORNIA        )**

**COUNTY OF ORANGE            )   ss.**

I am employed in the County of Orange, State of California.  I am over the age of 18 and not a party to the within action.  My business address is 3777 North Harbor Blvd. Fullerton, Ca 92835.

On July 15, 2026, I served the foregoing document(s) described as **NOTICE OF REMOVAL,** on each interested party **listed below**/on the attached service list:

Won Chu
13204 Lisburn Place
La Mirada, CA 90638

(626-465-6164)


XX    (VIA CERTIFIED MAIL) I placed the envelope for collection and mailing, following the ordinary business practices.

I am readily familiar with Jones & Mayer's practice for collection and processing of correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service on that same day with postage thereon fully prepaid at La Habra, California, in the ordinary course of business. I am aware that on motion of the parties served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing affidavit.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed on July 15, 2026 at Fullerton, California.

_____
Mary Kate Becerra
mkb@jones-mayer.com

-4-
NOTICE OF REMOVAL